UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
MELTON GEORGE WILLIAMS,

                      Petitioner,

**OPINION & ORDER**
**CV-06-2479 (SJF)**

    -against-

SUPERINTENDENT DENNIS J. BRESLIN,

                      Respondent.
----------------------------------------------------X
FEUERSTEIN, J.

On June 16, 1999, a judgment was entered against petitioner Melton George Williams (petitioner) in the Supreme Court of the State of New York, Kings County (Firetog, J.), convicting him of rape in the first degree, sexual abuse in the first degree (three counts), rape in the third degree and endangering the welfare of a child, after a non-jury trial, and imposing sentence. On May 17, 2006, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order dated June 16, 2006, petitioner was granted leave to proceed *in forma pauperis*. Petitioner now moves for the appointment of counsel. For the reasons set forth herein, petitioner's application is denied.

I.     DISCUSSION

"[T]here is no constitutional right to representation by counsel in habeas corpus proceedings." Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993) (internal quotations and citation omitted). Rather, the appointment of counsel in habeas corpus proceedings is governed by 18

1

U.S.C. § 3006A(a)(2)(B) which provides, in pertinent part, that whenever the district court "determines that the interests of justice so require, representation may be provided for any financially eligible person who–* * * is seeking relief under section * * * 2254 * * * of title 28." Although Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (the Habeas Corpus Rules) provide that an attorney must be appointed for a petitioner who otherwise qualifies to have counsel appointed under § 3006A "[i]f necessary for effective discovery," and "[i]f an evidentiary hearing is warranted," respectively, the appointment of counsel at any other stage of a habeas corpus proceeding is discretionary. See Cruz v. Smith, No. 05 Civ. 10703, 2007 WL 80865, at *1 (S.D.N.Y. Jan. 10, 2007); Curry v. People of State of New York, No. 04 CV 1263, 2005 WL 486845, at * 5 (E.D.N.Y. Jan. 4, 2005).

A request for the appointment of counsel in a habeas corpus proceeding is analyzed in the same manner as any other application for the appointment of counsel in civil cases. See, Curry, 2005 WL 486845, at *5. When deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. § 1915(e)(1) the threshold inquiry is whether there is substance to the litigant's position. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001); see also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)(holding that the district judge should first determine whether the indigent's position seems likely to be of substance). "[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona, 243 F.3d at 632.

If the Court finds that the plaintiff's claim is of substance, it should next consider the following factors:

> [T]he indigent's ability to investigate the crucial facts, whether

> conflicting evidence implicating the need for cross-examination
> will be the major proof presented to the fact finder, the indigent's
> ability to present the case, the complexity of the legal issues and
> any special reason in that case why appointment of counsel would
> be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; see also Carmona, 243 F.3d at 632 (holding that only after an initial finding that a claim is likely one of substance should the court consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute). However, those factors are not restrictive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61. A developed record assists the court in this regard. See Brooks v. State of New York, 92 CV 1508, 1992 WL 320402 * 3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on the failure of the pleadings to satisfy the threshold requirement of a likelihood of merit).

Petitioner fails to set forth any grounds for the appointment of counsel in his application. In any event, I find that the appointment of counsel is not warranted at this stage of the litigation, since, *inter alia*, (1) plaintiff has adequately and competently set forth his claims in his petition; (2) plaintiff appears capable of preparing and presenting his case and, indeed, has adequately responded to respondent's opposition; (3) the legal issues presented in this case do not appear to be particularly complex; and (4) there is no special reason to appoint counsel at this time.

III. CONCLUSION

Petitioner's application for the appointment of counsel is denied.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 10, 2008
Central Islip, New York

Copies to:

Melton George Williams, *pro se*
99A4015
Arthur Kill Correctional Facility
2911 Arthur Kill Road
Staten Island, New York 10309

Kings County District Attorney's Office
350 Jay Street
Brooklyn, New York 11201
Attn: Joseph Huttler
　　　Assistant District Attorney