UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

MELTON GEORGE WILLIAMS,

                Petitioner

    -against-

DENNIS J. BRESLIN, SUPERINTENDENT,

                Respondent
---------------------------------------------------------X
FEUERSTEIN, J.

**OPINION & ORDER**
**06-CV-2479 (SJF)**

## I.    INTRODUCTION

On June 16, 1999, a judgment of conviction was entered against petitioner Melton George Williams (petitioner) in the Supreme Court of the State of New York, Kings County (Firetog, J.). Following a bench trial, petitioner was found guilty of one (1) count of rape in the first degree (N.Y. Penal Law § 130.35(1)), three (3) counts of sexual abuse in the first degree (N.Y. Penal Law § 130.65(1)), one (1) count of rape in the third degree (N.Y. Penal Law § 130.25(1)), and one (1) count of endangering the welfare of a child (N.Y. Penal Law § 260.10). Petitioner was sentenced to concurrent terms of imprisonment of seven and one-half (7 ½) to fifteen (15) years for the first-degree rape count, two (2) to six (6) years for the sexual abuse counts, one (1) to three (3) years for the third degree rape count and one (1) year for the endangering the welfare of a child count. On May 17, 2006, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth herein, the petition is denied and the proceeding is dismissed.

1

## II. BACKGROUND

### A. Factual Background

The following facts were taken from the trial transcripts:

On the afternoon of May 31, 1998, thirteen (13) year-old Ranisha Grossett (Grossett or complainant) was asked to babysit for her two cousins at petitioner's apartment so that petitioner could visit his daughter in the hospital. (Trial Transcript [Tr.] at 15, 17, 172). When Grossett arrived, only petitioner and his one (1) year-old son were present, as petitioner's seven (7) year-old daughter was at church. (Tr. at 18, 19-20).

While Grossett was sitting in a chair with her (1) one year-old cousin, petitioner sat beside her and began touching her inappropriately. (Tr. at 19). After telling petitioner to stop and pushing herself away from him, Grossett retreated to petitioner's daughter's bedroom. (Tr. at 20). Shortly thereafter petitioner entered the bedroom, "threw" Grossett on the bed, got on top of her and began kissing and touching her. (Tr. at 20-21). Grossett unsuccessfully attempted to push petitioner off of her. (Tr. at 21-22). Despite Grossett's repeated verbal and physical attempts to stop petitioner, (Tr. at 21, 23, 25-26), petitioner attempted to undress her by pulling down her tights and ripping her shirt. (Tr. at 22, 24). Though petitioner was unsuccessful in fully undressing Grossett, he managed to dislodge one of her legs from her pants and proceeded to engage in sexual intercourse with her. (Tr. at 24).

Following the incident, Grossett went to the bathroom and attempted to clean and re-dress herself. (Tr. at 27). She then went back into the bedroom where the encounter had taken place, packed up her belongings and waited for petitioner to leave. (Tr. at 28).

After petitioner left the apartment, Grossett attempted to call her aunt but was unable to reach

her immediately and instead left multiple messages. (Tr. at 29-30). When Grossett's aunt finally returned her telephone call, Grossett relayed what had happened and her aunt went to petitioner's apartment. (Tr. at 32). Grossett returned home, told her mother about the incident and the police were notified. (Tr. at 33-34).

The police arrived at Grossett's home, took a statement from her and proceeded to petitioner's apartment. (Tr. at 81). Arriving at petitioner's residence, the police knocked on the door and petitioner answered, identified himself as Melton Williams and confirmed that his niece had been there earlier that day. (Tr. at 82). The police then obtained petitioner's permission to enter his apartment and "see" his daughter's bedroom. (Tr. at 83). Upon entering the bedroom, the police observed freshly stained sheets on the bed, which were taken into custody. (Tr. at 83-84).

The police asked petitioner to step into the hallway where they placed him under arrest and read him his Miranda rights. (Tr. at 86). At the police station, petitioner was processed, his clothing was removed and taken into custody, and a detective was called to the station to interview petitioner. (Tr. at 87, 109-10). Petitioner made a statement as to what had occurred on May 31, 1998. (Tr. at 111-12).

B. Procedural History

On May 28, 1999, following a bench trial, petitioner was found guilty of one (1) count of rape in the first degree, three (3) counts of sexual abuse in the first degree, one (1) count of rape in the third degree and (1) count of endangering the welfare of a child. On June 16, 1999, petitioner was sentenced to concurrent terms of imprisonment of seven and one-half (7 ½) to fifteen (15) years for the first-degree rape count, two (2) to six (6) years for the sexual abuse counts, one (1) to three

(3) years for the third degree rape count and one (1) year for the endangering the welfare of a child count.

Petitioner timely filed a direct appeal of his conviction with the New York Supreme Court, Appellate Division, Second Department (Appellate Division), in which he alleged: (1) that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt on the charges of rape in the first degree and sexual abuse in the first degree; (2) that the trial court's verdict was against the weight of the evidence; and (3) that his sentence was harsh and excessive. On December 31, 2001, the Appellate Division affirmed petitioner's judgment of conviction finding, *inter alia*, that the evidence was legally sufficient, the verdict was not against the weight of the evidence, the sentence imposed was not excessive and plaintiff's remaining contentions were without merit. People v. Williams, 289 A.D.2d 600, 735 N.Y.S.2d 212 (App. Div. 2001). On March 29, 2002, the New York State Court of Appeals denied petitioner's application for leave to appeal the order of the Appellate Division. People v. Williams, 97 N.Y.2d 763, 769 N.E.2d 370, 742 N.Y.S.2d 624 (2002).

On December 9, 2002, petitioner moved, *pro se*, in New York State Supreme Court to vacate his judgment of conviction pursuant to N.Y.C.P.L. §§ 440.10 and 440.20. In his motion papers, petitioner claimed to have received ineffective assistance of trial counsel based upon his defense counsel's purported failed to: (1) introduce evidence that the complainant lied about an unrelated incident which allegedly involved petitioner; (2) elicit evidence of the complainant's alleged sexual activities; (3) call defense character witnesses; (4) investigate the admissibility of the "outcry" tape and complainant's ripped clothing; and (5) object at petitioner's sentencing to inaccuracies in the probation report.

By order entered June 18, 2003, the New York State Supreme Court summarily rejected

petitioner's various ineffective assistance claims on the merits pursuant to N.Y.C.P.L. §§ 440.30(4)(b), (c). On December 30, 2003, petitioner was granted leave to appeal the denial of his motion to vacate. By decision and order dated December 12, 2005, the Appellate Division affirmed the denial of petitioner's motion to vacate, finding that the trial court's summary denial of petitioner's motion was a "provident exercise of discretion" and that petitioner had failed to establish that "there were no strategic or other legitimate explanations for counsel's alleged shortcomings * * * or that [petitioner] was deprived of meaningful representation." People v. Williams, 24 A.D.3d 575, 805 N.Y.S.2d 295 (App. Div. 2005) (citations omitted).

On January 31, 2006, the New York State Court of Appeals denied petitioner's application for leave to appeal the Appellate Division's December 12, 2005 order. People v. Williams, 6 N.Y.3d 782, 844 N.E.2d 804, 811 N.Y.S.2d 349 (2006).

On or about May 17, 2006, petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging: (1) that his conviction of rape in the first degree and sexual abuse in the first degree was against the weight of the evidence; (2) prosecutorial misconduct; and (3) ineffective assistance of trial counsel.

III. DISCUSSION

    A. The AEDPA

        1. Exhaustion

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, governs applications of incarcerated state court defendants seeking federal habeas corpus relief. Pursuant to the strictures outlined in the AEDPA, before a federal court is permitted to consider an application

for habeas corpus relief, the petitioner must have exhausted all remedies available in the state court system. Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971); Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 808 (2d Cir. 2000). The AEDPA exhaustion requirement is met if: (1) petitioner "has exhausted the remedies available in the courts of the state;" (2) petitioner demonstrates that "there is an absence of available State corrective process" for adjudicating the claim(s); or (3) though a state court process is available, "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); see also Fama, 235 F.3d at 808.

The exhaustion requirement mandates that the petitioner "fairly present" both the factual and legal premises of his claim(s) to the highest state court. See Picard, 404 U.S. at 275, 92 S. Ct. at 512 (stating that "once the federal claim[s] [have] been presented to the state courts, the exhaustion requirement is satisfied."); Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004). In order for a petitioner to have "fairly presented" his claim(s), the petitioner "must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." Daye v. Atty. Gen. of the State of New York, 696 F.2d 186, 191 (2d Cir. 1982); see also Picard, 404 U.S. at 276-77, 92 S. Ct. at 512-13. Specifically, this requires the petitioner to have clearly articulated all of the "essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim."[1]

---

[1] The court in Daye enumerated four specific methods by which a petitioner who has not cited a specific constitutional provision would nonetheless be deemed to have "fairly presented" his claim to state courts, including: "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like factual situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." Daye, 696 F.2d at 194.

Daye, 696 F.2d at 191; see also Baldwin, 541 U.S. at 32, 124 S. Ct. at 1351 (stating that "ordinarily, a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material . . . that does so."). Where a petitioner presents additional facts to the federal court which either materially alter the claim or crucially affect its determination, the petitioner must present this evidence to the state court before the federal court is permitted to consider the claim. Anderson v. Casscles, 531 F.2d 682, 684 (2d Cir. 1976).

Where a district court is faced with a "mixed" petition that contains both exhausted and unexhausted claims it may: (1) stay the proceeding pending complete exhaustion of state remedies;[2] (2) dismiss the petition, without prejudice, until the claims have been exhausted in state court, unless such review would be precluded pursuant to the AEDPA's one-year statute of limitations; (3) afford petitioner an opportunity to withdraw the unexhausted claim(s); or (4) deny the petition on the merits pursuant to 28 U.S.C. § 2254(b)(2). See, e.g. Gandarilla v. Artuz, 322 F.3d 182, 186 (2d Cir. 2003); Pratt v. Greiner, 306 F.3d 1190, 1196-97 (2d Cir. 2002). The petition in the instant case contains both exhausted and unexhausted claims.[3] Upon reviewing the options available to this court as

---

[2] The Supreme Court has opined that a stay and abeyance should only be available in "limited circumstances" and that such a measure is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." In addition, the district court would be deemed to have abused its discretion if it were to grant petitioner a stay "when [petitioner's] unexhausted claims are plainly meritless." Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535, 161 L. Ed. 2d 440 (2005).

[3] Petitioner's claim that his trial counsel "advised him not to have a trial by jury" because "it would be a waste of time and too much work for [counsel]" and that counsel allegedly bribed the petitioner to forego a jury trial by "giving [petitioner] a thousand dollars by way of reducing his attorney's fees, [and] by telling [petitioner] to keep the remaining money owed to [counsel], (Petition at 6), whether based on a theory of ineffective assistance of trial counsel or depriving petitioner of a fair trial, was not raised in the state courts and cannot be deemed exhausted since

enumerated *supra*, petitioner's petition is denied on the merits for the reasons set forth below.

2. Procedural Default

Where a state court decision rests upon independent and adequate state procedural grounds, a federal habeas court is barred from reviewing the claims. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L. Ed. 2d 640 (1991); Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989); Garcia v. Lewis, 188 F.3d 71, 77-82 (2d Cir. 1999). This is true even where the state court reaches the merits of petitioner's claims as an alternative holding. See Harris, 489 U.S. at 264 n. 10, 109 S. Ct. at 1044. (stating that "a state court need not fear reaching the merits of a federal claim in an *alternative* holding . . . [and] as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision" a federal habeas court is precluded from reviewing the claims.) (emphasis in original). Despite the operation of the independent and adequate state ground doctrine, petitioner's claims may be reviewed by a federal court where he can "demonstrate cause[4] for the default and actual prejudice as a result of the

---

petitioner is not procedurally barred under New York State law from filing a successive 440.10 motion incorporating these factual allegations which were omitted from the first motion. Under N.Y.C.P.L. § 440.10(3)(c), a state court "may deny" a successive motion to vacate where "the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so." However, since §440.10(3)(c), by its terms, makes such denials discretionary and does not impose an absolute bar on successive motions, petitioner cannot be said to be procedurally barred from raising this allegation in a subsequent motion. See Bell v. Miller, No. 05 CV 0663, 2005 WL 1962413, at *5 (E.D.N.Y. Aug. 12, 2005), rev'd on other grounds, 500 F.3d 149 (2d Cir. 2007); Bonilla v. Portuondo, No. 00 Civ. 2369, 2004 WL 350694, at *15 (S.D.N.Y. Feb. 26, 2004) (holding that N.Y.C.P.L. § 440.10(3)(c) does not create a procedural bar from filing a successive motion and any denial is discretionary), report and recommendation adopted by, 2004 WL 1782174 (S.D.N.Y. Aug. 9, 2004).

[4] Under the "cause and prejudice" test, sufficient "cause" will only be found where petitioner can demonstrate that "some objective factor external to the defense impeded counsel's

8

alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750, 111 S. Ct. at 2565.

### 3. Standard of Review for Claims Adjudicated on the Merits

Pursuant to the AEDPA, an application for a writ of habeas corpus that has met the procedural prerequisites shall not be granted unless the claim was adjudicated on the merits in state court and the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is deemed to have been made on the merits where it "(1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001); Jimenez v. Walker, 458 F.3d 130, 140 (2d Cir. 2006). Once claims have been adjudicated on the merits, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000). Alternatively, "a federal habeas court may grant the writ if the state court identifies the correct

---

efforts to comply with the State's procedural rule." Coleman, 501 U.S. at 753, 111 S. Ct. at 2566 (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). In addition, "attorney ignorance or inadvertence" will not constitute sufficient "cause," as the attorney acts as petitioner's agent and therefore in the absence of a constitutional violation "petitioner bears the risk . . . for all attorney errors made in the course of the representation. Coleman, 501 U.S. at 753-54, 111 S. Ct. at 2566-67.

governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413, 120 S. Ct. at 1523. Pursuant to this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411, 120 S. Ct. at 1522. In addition, under the AEDPA, a state court's determination of factual issues "shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.  Sufficiency of the Evidence

1.  Weight of the Evidence Claim

Petitioner's claim that his conviction was against the weight of the evidence fails to raise a federal constitutional issue and is therefore not cognizable on habeas review. Douglas v. Portuondo, 232 F. Supp. 2d 106, 116 (S.D.N.Y. 2002); Santana v. Poole, No. CV-03-3946, 2006 WL 3483923, at *9 (E.D.N.Y. Nov. 30, 2006). A weight of the evidence argument is a pure state law claim grounded in N.Y.C.P.L. § 470.15(5), which empowers the intermediate appellate courts of New York to make weight of the evidence determinations. Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001). Unlike a sufficiency of the evidence claim which is grounded on federal due process principles, see Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed. 2d 385 (1991), petitioner's weight of the evidence argument fails to assert a federal claim reviewable under 28 U.S.C. § 2254(a). Rather, petitioner simply "raises an error of state law for which habeas review is not available." Douglas, 232 F. Supp. 2d at 116; Poole, 2006 WL 2483923,

at *9.

## 2. Sufficiency of the Evidence

Although petitioner failed to explicitly raise a sufficiency of the evidence claim in his federal habeas corpus petition, this court will address this claim *sua sponte* as petitioner is a *pro se* litigant, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (internal citation omitted); McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (maintaining that "we read the pleadings of a pro se litigant liberally and interpret them 'to raise the strongest arguments that they suggest.'") (internal quotations and citations omitted), and the state courts interpreted his claim as raising a legal sufficiency argument.

The Appellate Division, Second Department, found petitioner's sufficiency of the evidence claim "unpreserved for appellate review" pursuant to N.Y.C.P.L. § 470.05(2),[5] People v. Williams, 289 A.D.2d at 600-01, 735 N.Y.S.2d 212, and, alternatively, deemed it to be without merit since the evidence, viewed in the light most favorable to the prosecution, "was legally sufficient to establish the element of forcible compulsion as to those charges beyond a reasonable doubt." Id. at 601, 735 N.Y.S.2d 212. Since the Appellate Division clearly and explicitly invoked a state procedural rule "as a separate basis for [its] decision," Harris, 489 U.S. at 264 n. 10, 109 S. Ct. at 1044, and

---

[5] Under N.Y.C.P.L. § 470.05(2) "an objection to a ruling or instruction of a criminal court must be raised contemporaneously with the challenged ruling or instruction in order to preserve the objection for appellate review." Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005) (citing People v. Jones, 81 A.D.2d 22, 29, 440 N.Y.S.2d 248 (App. Div. 1981)). In addition, such an objection must be made "with sufficient specificity to enable the trial court to respond." Id. In the instant case, the Appellate Division clearly stated that petitioner's claim of insufficiency of the evidence was unpreserved for appellate review as "[petitioner] did not specify this ground in his motion to dismiss at trial." People v. Williams, 289 A.D.2d at 600, 735 N.Y.S.2d 212.

11

petitioner has failed to allege cause for the default, actual prejudice, or that a fundamental miscarriage of justice would result if the claim were not reviewed, this claim is barred from federal habeas review. See Coleman, 501 U.S. at 750, 111 S. Ct. at 2565.

    C.    Prosecutorial Misconduct

Petitioner alleges prosecutorial misconduct as the second ground in his habeas petition and claims that he raised the issue in his N.Y.C.P.L. § 440.10 motion to the trial court. However, review of petitioner's affidavit in support of his motion to vacate, as well as the trial court's opinion denying petitioner's motion, reveals that petitioner failed to fairly present this claim to the New York State courts. See Picard, 404 U.S. at 275, 92 S. Ct. at 512; Daye, 696 F.2d at 191. Petitioner's arguments presented in support of his motion to vacate referred only to the allegedly ineffective assistance of his trial counsel. The only allusion to prosecutorial misconduct in the state courts was petitioner's assertion that the prosecutor had been informed that an allegation concerning petitioner which was made by the complainant was allegedly false, and that if proven false, such information would be exculpatory and thus should have been given to the court.[6] However, this claim is insufficient to have constituted a "fairly presented" claim for prosecutorial misconduct since petitioner failed to set forth both the factual and legal premises of his prosecutorial misconduct claim in the state courts. Therefore, petitioner's prosecutorial misconduct claim has not been properly exhausted.

Since petitioner failed to raise his claim of prosecutorial misconduct on direct appeal, the claim is procedurally defaulted pursuant to N.Y.C.P.L. § 440.10(2)(c) (requiring denial of a motion

---

    [6] The complainant's allegedly false statement was contained in defendant's pre-sentence probation report and centered on an unrelated incident where petitioner allegedly confronted the complainant near her school and made an obscene gesture in her direction.

based on a constitutional violation where defendant's claims concern a matter of record and therefore would be appropriate only on direct appeal); see Sweet v. Bennett, 353 F.3d 135, 139 (2d Cir. 2003). Where a petitioner has failed to exhaust his state court remedies and the court to which he must present his claim would deny the claim on procedural grounds, a federal court must also deny the claim as procedurally defaulted. Coleman, 501 U.S. at 735 n. 1, 111 S. Ct. at 2557; see also Grey v. Hoke, 933 F.2d 117, 121 (2d Cir. 1991). Since petitioner has failed to allege the requisite "cause" and "prejudice" for the default and has not attempted to show that a fundamental miscarriage of justice would result should this court decline to review his claim, see Coleman, 501 U.S. at 750, 111 S. Ct. at 2565, this claim is precluded from habeas review.

### D. Ineffective Assistance of Counsel

Petitioner claims that his trial counsel rendered ineffective assistance based upon his: (1) failure to introduce evidence that the complainant had allegedly lied in a collateral incident involving petitioner; (2) failure to elicit evidence of the complainant's sexual activities; (3) failure to call character witnesses; (4) failure to investigate and challenge the admissibility of the "outcry" tape; (5) failure to investigate and challenge the admissibility of the complainant's ripped clothing; and (6) advice to petitioner to forego a jury trial.[7]

It is undisputed that all of petitioner's claims of ineffective assistance of trial counsel that were considered by the state court were determined on the merits.[8] This court is required to accord

---

[7] Although this particular claim is unexhausted, see discussion supra n. 3, it will be examined on the merits pursuant to 28 U.S.C. § 2254(b)(2).

[8] The state trial court denied the majority of petitioner's ineffective assistance claims without conducting a hearing pursuant to N.Y.C.P.L. § 440.30(4)(b) and (c). Although the trial

13

substantial AEDPA deference to the state court's decision. 28 U.S.C. § 2254(d)(1), (e)(1); see also Jimenez, 458 F.3d at 146 (stating that "AEDPA deference is due to [a state court's] rejection of [a petitioner's claim] if that judgment was an 'adjudication on the merits.'") (internal citation omitted); Brown v. Artuz, 283 F.3d 492, 498 (2d Cir. 2002).

The Sixth Amendment mandates that a criminal defendant be afforded effective assistance of defense counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S. Ct. 1441, 1449, 25 L. Ed. 2d 763 (1970)). In order to prevail under a theory of ineffective assistance of counsel, a petitioner must establish that: (1) "counsel's representation fell below an objective standard of reasonableness" measured "under prevailing professional norms" and (2) "there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694, 104 S. Ct. at 2064, 2068.[9] As the Second Circuit has stated, "[t]he Strickland standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001).

---

court characterized those claims as being "procedurally barred," section 440.30(4) does not constitute an "independent and adequate state procedural ground" that would preclude federal habeas review of the affected claims. Indeed, application of N.Y.C.P.L. § 440.30(4) constitutes an adjudication on the merits. See Garcia v. Portuondo, 104 Fed. App'x. 776, 779 (2d Cir. Jul. 19, 2004); Lou v. Mantello, No. 98-CV-5542, 2001 WL 1152817, at *9 n. 9 (E.D.N.Y. Sept. 25, 2001).

[9] The performance and prejudice prongs set forth by Strickland may be addressed in either order, and if it appears to the reviewing court that the petitioner's claim would clearly fail due to lack of sufficient prejudice, that course should be followed. In addition, if petitioner fails to satisfy the prejudice prong of Strickland, it is unnecessary for the court to evaluate whether the performance prong has been met. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

A court reviewing a claim of ineffective assistance "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and this requires that petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, 104 S. Ct. at 2065 (internal citation omitted). In addition, the reviewing court is not permitted to engage in a probing inquiry that would take advantage of the "distorting effects of hindsight." Id. Instead, "a court deciding an ... ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690, 104 S. Ct. at 2066; see also Murden v. Artuz, 497 F.3d 178, 198 (2d Cir. 2007), cert. denied 128 S.Ct. 1083, 169 L.Ed.2d 823 (2008) (counsel's performance is examined from counsel's perspective at the time of and under the circumstances of trial).

A petitioner cannot prevail under a theory of ineffective assistance merely because there is a disagreement over counsel's trial strategy. Singleton v. Duncan, No. 03-CV-561, 2006 WL 73734, at *14 (E.D.N.Y. Jan. 10, 2006). "Among the 'virtually unchallengeable' tactical decisions left to the judgment of trial counsel are the determinations regarding the defense strategy adopted at trial." Gluzman v. United States, 124 F. Supp. 2d 171, 174 (S.D.N.Y. 2000) (citing United States v. Simmons, 923 F.2d 934, 956 (2d Cir. 1991)). See also Strickland, 466 U.S. at 690-91, 104 S. Ct. at 2066 (stating that "strategic choices made after thorough investigation of law and facts . . . are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."); Henry v. Poole, 409 F.3d 48, 63 (2d Cir. 2005); Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005).

15

The Appellate Division affirmed the denial of petitioner's motion to vacate, finding that he "failed to establish, prima facie, that there were no strategic or other legitimate explanations for counsel's alleged shortcomings or that [petitioner] was deprived of meaningful representation." Williams, 24 A.D.3d at 575-76, 805 N.Y.S.2d 295. Under the AEDPA, factual findings made by a state court "shall be presumed correct" and the petitioner has the burden of "rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); See Rice v. Collins, 546 U.S. 333, 338-39, 126 S. Ct. 969, 974, 163 L. Ed. 2d 824 (2006). With regard to petitioner's first five ineffective assistance of trial counsel claims, petitioner has failed to meet his burden of rebutting the trial court's findings by clear and convincing evidence as required under 28 U.S.C. § 2254(e)(1). Furthermore, the Appellate Division's affirmance of the trial court's decision was not contrary to, nor did it involve an unreasonable application of, the Strickland standard.

In any event, petitioner has failed to rebut the strong presumption of effective assistance with a showing that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. When taken in the aggregate, and in light of all the surrounding circumstances, petitioner's first five claims of ineffective assistance strongly support the notion that trial counsel did in fact engage in sound trial strategy when evaluated from counsel's perspective at the time such decisions were made. See id. at 689-90, 104 S. Ct. at 2065 (stating that "a fair assessment of attorney performance requires [a reviewing court] . . . to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). After careful review of the entire record and all supporting documentation relating to these first five allegations of ineffective assistance, petitioner's trial counsel "rendered adequate assistance and made all significant decisions

in the exercise of reasonable professional judgment." Id. at 690, 104 S. Ct. at 2066. Since petitioner has failed to make a sufficient showing under the "performance" prong of Strickland, these claims are without merit.[10]

Petitioner's final argument in support of his claim of ineffective assistance is similarly without merit. Though petitioner conclusorily asserts in his petition that "counsel advised him not to have a trial by jury saying, it would be a waste of time and too much work for [counsel]," (Petition at 6), and that counsel bribed him to forego a jury trial by "giving [petitioner] one thousand dollars by way of reducing his attorney's fees," id., there is no evidence in the record that corroborates those claims.[11] See Utenyshev v. Portuondo, No. 00-CV-6529, 2003 WL 21499841, at *12 (E.D.N.Y. June 11, 2003) (finding petitioner's claims of ineffective assistance of trial counsel to be meritless where petitioner proffered no extrinsic evidence in support of his claims and where evidence in the trial transcript itself directly refuted the allegations); Johnson v. Fisher, No. 04-CV-5120, 2006 WL

---

[10] Because petitioner has failed to meet the "performance" prong of Strickland as to these five claims, whether petitioner could have met his burden with respect to the "prejudice" prong of the inquiry need not be examined. See Strickland, 466 U.S. at 697, 104 S. Ct. at 2069 (stating that "there is no reason for a court to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.").

[11] The record in this case actually refutes petitioner's claim as it clearly demonstrates that petitioner was advised of his right to a jury trial after which he knowingly and voluntarily waived this right. (Tr. at 70). For example, the trial judge explicitly asked petitioner before trial whether he had discussed this choice with his attorney to which petitioner responded "yes." In addition, the jury trial waiver was reduced to writing and signed by petitioner and his attorney in open court after which it was made a court exhibit. Tr. at 69, 71. See, e.g. Fed. R. Crim. P. 23(a) (requiring that the right to jury trial be waived explicitly in writing); McMahon v. Hodges, 382 F.3d 284 (2d Cir. 2004) (stating that "an accused may waive even fundamental rights if the proper safeguards are in place to ensure that the waiver is voluntary and intelligent"); Johnson v. Fisher, No. 04-CV-5120, 2006 WL 1912737, at *4 (E.D.N.Y. July 11, 2006) (stating that a defendant's jury trial waiver will be considered valid "so long as the waiver is knowingly, intelligently and voluntarily given").

1912737, at *4 (E.D.N.Y. July 11, 2006) (finding petitioner's unsupported allegations that his attorney coerced him into foregoing a jury trial to be without merit where the record clearly illustrated that petitioner's waiver was knowingly, intelligently and voluntarily given).

In any event, though the right to trial by jury in criminal cases is a fundamental constitutional right, see Duncan v. Louisiana, 391 U.S. 145, 157-58, 88 S. Ct. 1444, 1452, 20 L. Ed. 2d 491 (1968), a defendant may waive the right to a trial by jury. Id. at 158, 88 S. Ct. at 1452. Whether to forego a jury trial in a particular case is generally regarded as a tactical decision fairly encompassed within the overall defense strategy utilized by counsel. See United States v. Ortiz Oliveras, 717 F.2d 1, 4-5 (1st Cir. 1983) (holding that defense counsel did not render ineffective assistance in pursuing a bench trial where the evidence against defendant was strong and counsel could have reasonably determined that the chance of acquittal was more likely if the trial was held before a judge rather than a jury and where defendant voluntarily agreed to the strategy at the time); Steele v. United States, No. 04 Civ. 6918, 2005 WL 704868, at *12 (S.D.N.Y. Mar. 29, 2005) (finding defense counsel's strategy of pursuing a bench trial was not deficient considering the overwhelming evidence against the defendant); Davila v. Sullivan, No. 87 Civ. 2981, 1987 WL 19958, at *2 (S.D.N.Y. Nov. 10, 1987) (finding that trial counsel's advice to forego a jury trial was "a tactical decision which cannot constitute ineffective assistance."); Morales v. United States, No. 97 CIV. 3892, 1998 WL 171448, at *1 (S.D.N.Y. Apr 14, 1998) (stating that "counsel's [strategic] decision to waive a jury . . . was more than reasonable" where the record demonstrated that the waiver was voluntarily made by petitioner). Therefore, counsel's encouragement to forego a jury trial in the instant case does not constitute ineffective assistance, especially in light of the underlying crimes at issue in this case which would likely inflame a lay jury, and the overwhelming evidence of petitioner's guilt.

Strickland, 466 U.S. at 690, 104 S. Ct. at 2066; see also Steele, 2005 WL 704868, at *12 (opining that "defense counsel's strategy of pursuing a bench trial was sound, or at the very least not deficient, considering the overwhelming evidence against [defendant]."). Since petitioner has failed to demonstrate that his counsel's determination to forego a jury trial was a choice that existed outside of the "wide range of reasonable professional assistance" afforded to trial counsel under the "performance" prong of Strickland, this claim is without merit.

III. CONCLUSION

The petition for a writ of habeas corpus is denied in its entirety and the proceeding is dismissed. Since petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Luciadore v. New York State Div. Of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close this case.

SO ORDERED.

/s/ Sandra J. Feuerstein
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 9, 2008
Central Islip, New York